

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2002

# USA v. Cupak

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Cupak" (2002). *2002 Decisions.* Paper 674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2628
_____


MICHAEL CUPAK,
                              Appellant

v.

UNITED STATES OF AMERICA

_____


On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 00-cr-00063
(Honorable Harold A. Ackerman)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2002

Before:  SCIRICA, BARRY and WEIS, Circuit Judges

(Filed:  October 28, 2002)


_____

OPINION OF THE COURT
_____

SCIRICA, <u>Circuit</u> <u>Judge</u>.

The issue in this sentencing appeal is whether the District Court properly sentenced Michael Cupak pursuant to this Court's January 12, 2001 remand order for resentencing. Cupak contends the District Court committed plain error under Federal Rule of Criminal Procedure 52(b) by: (1) miscalculating the loss amount and applying a three-level enhancement under U.S.S.G. §§ 2B3.2(b)(2) and 2B3.1(b)(7)(D); (2) by not considering the victim's conduct and provocation as a basis for departure under U.S.S.G. § 2X1.1; (3) by failing to consider his heart disease as grounds for downward departure under U.S.S.G. § 5H1.4; and (4) by failing to apply the *Koon*[1] standard as grounds for downward departure under U.S.S.G. § 5K2.0. Because we hold Cupak voluntarily waived his right to appeal any offense level computation equal to or lower than 20 by the express terms of his plea agreement, his claim of plain error must fail.

## I.

Michael Cupak was charged in a two-count information with extortion by threat of physical violence and conducting an illegal gambling business in violation of 18 U.S.C. §§ 1951 and 1955. On February 3, 2000, Cupak pled guilty to both counts under a plea agreement that set forth specific stipulations, including: (1) the only permissible sentencing departures are those established in the plea agreement; (2) under U.S.S.G. §

---

[1] *Koon v. United States,* 518 U.S. 81 (1996).

1B1.3, relevant conduct includes a telephone threat made by Cupak to "Edward Leftler,"[2] a fictitious person, regarding gambling debts owed to Cupak; and (3) a voluntary waiver of the right to file any appeal or collateral attack that challenges the sentencing court's imposition of an offense level equal to or less than 20. Adopting the factual findings and guideline range of the presentence report, the District Court imposed concurrent sentences of 49 months on Count I and 16 months on Count II. The presentence report recommended a total offense level of 22 because the probation officer determined (erroneously) that the relevant conduct stipulation "specifically establish[ed] the commission of additional offense(s) [and] shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." U.S.S.G. § 1B1.2(c).

Cupak appealed contending the District Court committed plain error by treating the relevant conduct stipulation[3] as establishing an additional offense under U.S.S.G. § 1B1.2(c), resulting in an inappropriate two-level enhancement. The two-level enhancement raising the offense level from 20 to 22 liberated Cupak from the waiver of his right to appeal. The government agreed with Cupak and filed a motion for summary remand. We

---

[2]Bradley Deaver placed bets with Cupak. In 1999, Cupak "cut off" Deaver because Deaver was in debt to Cupak for approximately $200,000. After being cut off, Deaver created a fictitious person (Edward Leftler) in order to continue his betting. Betting under the name of Leftler, Deaver lost $400,000. Deaver reported these events to the FBI.

[3]Paragraph 4 of the Plea Agreement states "[p]ursuant to [U.S.S.G.] §1B1.3, relevant conduct includes a threat made over the telephone by Michael Cupak to Edward Leftler, a fictitious person, in connection with gambling debts owed to his (Cupak's) gambling operation. The parties have not agreed as to the effect this relevant conduct has on Michael Cupak's guideline level."

granted the government's motion for summary remand and requested the District Court resentence Cupak within the appropriate 33 to 41 month guideline range. *United States v. Cupak*, No. 00-2007, N.J. 00-cr-00063 (3d Cir. Jan. 12, 2001). At the June 2001 resentencing hearing, the District Court imposed concurrent sentences of 41 months of imprisonment on Count I (under an offense level of 20) and 16 months on Count II. This appeal followed.

## II.

A defendant who has entered into a guilty plea agreement may not ordinarily object to its stipulations on appeal. *See United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001) (holding that knowing and voluntary waiver of right to appeal is valid); *United States v. Rodia*, 194 F.3d 465, 469 (3d Cir. 1999) (stating defendant "did not preserve his right to appeal by entering a conditional guilty plea"); *United States v. Mastrangelo,* 172 F.3d 288, 294 (3d Cir. 1999) (observing that defendant's agreement to stipulation in plea agreement on informed advice of counsel ordinarily precludes objection on appeal); *United States v. Cianci,* 154 F.3d 106, 109 (3d Cir. 1998) (prohibiting defendant from reneging on stipulation in guilty plea agreement providing for two-level upward adjustment). Because Cupak's sentence on remand falls within the limit stipulated to in the plea agreement, he is barred from challenging the District Court's application of the Sentencing Guidelines on any grounds. Accordingly, we will not review Cupak's allegations of error.

## III.

4

Cupak is bound by the stipulation incorporated into his plea agreement. He has waived his right to appeal a sentence based on the imposition of any offense level equal to or less than 20. Thus, his appeal will be dismissed.

_____

TO THE CLERK:

        Please file the foregoing opinion.


                        /s/ Anthony J. Scirica
                            Circuit Judge